**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**CIVIL MINUTES**

| | | |
|---|---|---|
| **Date:** August 26, 2026 | **Time:** 6 minutes<br>2:00 p.m. to 2:06 p.m. | **Judge:** WILLIAM H. ORRICK |
| **Case No.**: 26-cv-04214-WHO | **Case Name:** Jethi v. Edlow | |

**Attorneys for Plaintiffs:** Matthew T. Galati and Curtis L. Morrison
**Attorney for Defendant:** Molly Friend

**Deputy Clerk:** Jean Davis **Court Reporter:** Layli Phillips

**PROCEEDINGS and MINUTE ORDER**

Hearing on Motion to Dismiss conducted via videoconference. Tentative provided. Argument of counsel heard.

**ORDER**

Plaintiffs are individuals who "seek to immigrate to the United States through the EB-5 immigrant investor program." Compl. ¶ 3. They have "invested at least $800,000 each through a designated Regional Center to qualify for an immigrant visa under 8 U.S.C. § 1153(b)(5)." *Id.* Their EB-5 applications have been approved, but the United States Citizenship and Immigration Services ("USCIS") has not completed adjudication of their I-485 forms, the "Application to Adjust Status." *Id.* ¶ 1. While other individuals' cases have been adjudicated "within just four months of filing," plaintiffs allege that their I-485 applications have been pending for "up to 16 months and counting." *Id.* ¶ 4. Plaintiffs bring this case against defendant Mark Edlow in his official capacity as Director of the USCIS, claiming that USCIS's abstention violates its statutorily conferred duty under the Administrative Procedure Act ("APA") to process their claims within a reasonable time. Defendant moves to dismiss the complaint, arguing that I lack jurisdiction over USCIS's inaction and that plaintiffs have not plausibly alleged a claim. For the reasons set forth below, defendant's motion to dismiss is DENIED.

Defendant first claims that I lack jurisdiction to hear plaintiffs' claims under 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title, or . . . any other decision or action . . . in the discretion of the Attorney General or the Secretary of Homeland Security." Mot. at 5–11. Defendant argues that the "text of the statute governing adjustment of status makes plain that decision-making under this statute is discretionary: Section 1255(a) states that '[t]he status of an alien . . . *may be adjusted* by the Attorney General, *in his discretion* and under such regulations as he *may* prescribe, to that of an alien lawfully admitted for permanent residence." Mot. at 6 (quoting 8 U.S.C. § 1255) (emphasis added). In its view, such language

"sets out the discretionary authority necessary to trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar." *Id.* (citing *Bouarfa v. Mayorkas*, 604 U.S. 6, 14–15 (2024) (noting "the word 'may' *clearly* connotes discretion")).

Judges in the Northern District of California have reached the opposite conclusion. *See, e.g.*, *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490 (N.D. Cal. Feb. 20, 2026) (Van Keulen, M.J.); *Gao v. Mullin*, No. 25-cv-01479-SVK, 2026 WL 948665 (N.D. Cal. Apr. 8, 2026) (Van Keulen, M.J.); *Wang v. Edlow*, No. 25-cv-10689-SVK, 2026 WL 1021204 (N.D. Cal. Apr. 15, 2026) (Van Keulen, M.J.); *Agrawal v. Edlow*, No. 26-cv-01400-EKL, ---- F. Supp. 3d ----, 2026 WL 2363473 (N.D. Cal. Aug. 14, 2026) (Lee, J.). I agree with the well-reasoned analysis of Judges Lee and Van Keulen and conclude that Section 1252(a)(2)(B)(ii) does not serve as a jurisdictional bar to hear plaintiffs' pace-of-adjudication case.

The government argues that even if I have jurisdiction over plaintiffs' claims, dismissal is appropriate under Rule 12(b)(6) because Plaintiffs have not pleaded sufficient facts to support a claim of unreasonable delay under the APA. Mot. at 11. I disagree.

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. Agency action includes "failure to act." 5 U.S.C. § 551(13). "Where agency action is 'unlawfully withheld or unreasonably delayed,' the court 'shall compel agency action.'" *Nandu v. Renaud*, 2021 WL 5986917, at *2 (C.D. Cal. Sept. 24, 2021) (quoting 5 U.S.C. § 706(1)). "To succeed on an APA claim for unreasonable delay by an agency, a plaintiff must show that: (1) the agency had a nondiscretionary duty to act; and (2) the agency unreasonably delayed in acting on that duty." *Id.* (citing *Norton v. Utah Wilderness All.*, 542 U.S. 55, 63–65 (2004)).

Both parties recognize that the Ninth Circuit applies the six-factor *TRAC* test to determine whether adjudication of an individual's I-485 application has been "unreasonably" delayed. *See Telecomm. Rsch. & Actions Ctr. v. F.C.C.* ("*TRAC*"), 750 F.2d 70, 79 (D.C. Cir. 1984); *see Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (adopting *TRAC* factors). These factors include:

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Vaz*, 33 F.4th at 1137.

Plaintiffs argue that "given the fact-intensive nature of unreasonable delay claims, and because the grounds for agency delay will often be unknown to plaintiffs at the pleading stage, a number of courts have found that unreasonable-delay claims are best resolved on or after summary judgment, not on motions to dismiss for failure to state a claim." *Nandu*, 2021 WL 5986917, at *3 (citing *Raju*, 2020 WL 4915773); *see Haus v. Nielsen*, No. 17-cv-4972-MFK, 2018 WL 103587, at *4 (N.D. Ill. Feb. 23, 2018); *Hamandi v. Chertoff*, 550 F. Supp. 2d 46, 54 (D.D.C. 2008). While plaintiffs acknowledge that other courts have held otherwise, they nonetheless maintain that dismissal runs against "three core principles: (i) immigration-benefit applications should generally be processed 'not later 180 days after the initial filing of the application,' 8 U.S.C. § 1571(b); (ii) 'a reasonable time for agency action is typically counted in weeks or months, not years,' *In re Nat. Res. Def. Council*, 956 F.3d at 1139; and (iii) the nuanced and fact-specific analysis of unreasonable delay claims." *Nandu*, 2021 WL 5986917, at *3.

I agree with plaintiffs that adjudicating the merits of the claims at this stage is premature and would preclude them from accessing crucial discovery that would allow for it to adjudicate this case. Even so, examining the *TRAC* factors as the government asks me to do, I agree with the analysis in plaintiffs' Opposition brief and find that plaintiffs have sufficiently alleged facts that suggest that the balance of all six factors would weigh in their favor. Accordingly, I DECLINE to dismiss plaintiffs' complaint under Rule 12(b)(6).

IT IS SO ORDERED

Dated: August 27, 2026

William H. Orrick
Senior United States District Judge